UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHILLIP JONES,

    Petitioner,

                                        Case No. 11-10428

v.

                                        Honorable Patrick J. Duggan

J. S. WALTON,

    Respondent.
_____/

## OPINION AND ORDER SUMMARILY DENYING THE PETITION FOR WRIT OF HABEAS CORPUS BROUGHT PURSUANT TO 28 U.S.C. § 2241

Phillip Jones ("Petitioner"), a federal prisoner currently incarcerated at the Federal Correctional Institution in Milan, Michigan, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his convictions for conspiracy to possess with intent to distribute cocaine base, 21 U.S.C. §§ 841 (a)(1) and 846; distribution of cocaine base, 21 U.S.C. § 841(a)(1); attempt to possess cocaine with intent to distribute and aiding and abetting, 21 U.S.C. §§ 841(a)(1), 846, and 18 U.S.C. § 2; and use of a firearm during a drug trafficking crime and aiding and abetting, 18 U.S.C. §§ 2 and 924(c). For the reasons stated below, the petition for writ of habeas corpus is summarily denied.

### I. Background

Petitioner was convicted by a jury of the above offenses in the United States District Court for the Eastern District of Michigan before the Honorable Anna Diggs Taylor. His convictions were affirmed on appeal. *United States v. Jones,* 102 F.3d 804 (6th Cir.

1996). Petitioner has challenged his conviction by filing several motions to vacate sentence pursuant to 28 U.S.C. § 2255, which have all been denied. *Jones v. United States,* No. 97-cv-71140 (E.D. Mich. July 15, 1997), *aff'd* 194 F.3d 1312 (Table), 1999 WL 801559 (6th Cir. Sept. 28, 1999); *Jones v. United States,* No. 93-cr-81138 (E.D. Mich. Feb. 17, 1999); *Jones v. United States,* No. 93-cr-81138 (E.D. Mich. Oct. 10, 2000); *Jones v. United States,* No. 93-cr-81138 (E.D. Mich. Sept. 2, 2004); *Jones v. United States,* No. 93-cr-81138, 2006 WL 416199 (E.D. Mich. Feb. 22, 2006).

Petitioner has filed several motions for reduction or correction of sentence pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure, 18 U.S.C. § 3582(c), and 18 U.S.C. § 3742(a). These motions, too, have been denied. *Jones v. United States*, 214 F. Supp. 2d 780 (E.D. Mich. 2002); *Jones v. United States*, No. 93-cr-81138, 2006 WL 1722201 (E.D. Mich. May 2, 2006).

Petitioner has challenged his convictions by filing four petitions for writ of habeas corpus in the United States District Court for the Southern District of Illinois pursuant to 28 U.S.C. § 2241, which have all been denied. *See Jones v. Revell*, No. 2005 WL 1460298, at *2 (S.D. Ill. June 21, 2005) (collecting cases). Petitioner also challenged his convictions by filing a petition for writ of habeas corpus in the United States District Court for the Southern District of Texas pursuant to 28 U.S.C. § 2241, which was denied. *Jones v. Joslin,* No. 2007 WL 2021777 (S.D. Tex. July 9, 2007).

Because of petitioner's lengthy history of filing non-meritorious pleadings and motions, the Sixth Circuit issued an Order on October 22, 2002 prohibiting petitioner from filing "ANY" document with the Sixth Circuit or the district court challenging his

2

conviction unless: 1) he has a claim that relies on a new rule of constitutional law made retroactive by the Supreme Court on collateral review; or 2) a factual predicate that could not have been previously discovered through due diligence which would establish by clear and convincing evidence that no fact finder would have found Petitioner guilty. *In Re Jones,* No. 02-1462 (6th Cir. Oct. 22, 2002).

Petitioner has again filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking habeas relief on the following grounds:

> I. The district court lacked jurisdiction in Case No. 93-81138 by giving me a count six that was not given by the grand jury.
>
> II. My 5th and 6th Amendment [rights] were violated by the district court giving the government permission to add another count.
>
> III. Jurisdiction argument can be raised at any time no matter how long one has been in prison.
>
> IV. My 6th Amendment [right] was violated at trial by the district court allowing the government to override the grand jury.

## II. Discussion

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed. *See Perez v. Hemingway,* 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). A federal district court may summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it that the petitioner is not entitled to federal habeas relief. *Carson v. Burke,* 178 F. 3d 434, 436 (6th Cir. 1999). A district court has the duty to screen out any habeas corpus petition that lacks merit on its face. *Allen v. Perini,* 424 F.2d 134, 140-41 (6th Cir. 1970). "No return is necessary when the petition is frivolous, or obviously

lacking in merit, or where . . . the necessary facts can be determined from the petition itself without need for consideration of a return." *Id.* at 141. Courts have used Rule 4 of the habeas corpus rules to summarily dismiss facially insufficient habeas petitions brought under § 2241. *See Perez,* 157 F. Supp. 2d at 796. Because the instant petition is facially insufficient to grant habeas relief, it is subject to summary dismissal.

A motion to vacate sentence under § 2255 is the proper avenue for relief for a federal prisoner's claims that his sentence was imposed in violation of the Constitution or federal law. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998). A federal prisoner may bring a claim challenging his conviction or the imposition of sentence under 28 U.S.C. § 2241 only if it appears that the remedy afforded under § 2255 is inadequate or ineffective to test the legality of the defendant's detention. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999). Habeas corpus is not an additional, alternative, or supplemental remedy to that prescribed under § 2255, and the petitioner bears the burden of showing that the remedy afforded under § 2255 is inadequate or ineffective. *Id.* at 756-58. The remedy afforded under § 2255 is not considered inadequate or ineffective because § 2255 relief has already been denied, because the petitioner has been procedurally barred from pursuing relief under § 2255, because the petitioner has been denied permission to file a second or successive motion to vacate sentence, or because the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") has expired. *Id.*

The circumstances under which a motion to vacate sentence brought pursuant to § 2255 might be deemed inadequate and ineffective so as to permit relief via a writ of

4

habeas corpus under § 2241 are narrow, as the liberal allowance of the writ would defeat the restrictions placed on successive petitions or motions for collateral relief imposed by the AEDPA. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). To date, no federal circuit court has permitted a post-AEDPA petitioner who was not effectively making a claim of actual innocence to use § 2241 (via the "savings clause" of § 2255) as a way of circumventing § 2255's restrictions on the filing of a second or successive motion to vacate sentence. *Charles,* 180 F.3d at 757.

Petitioner alleges that the district court permitted the government to improperly amend the indictment at trial to add another charge which had not been submitted to the grand jury. Count Five of the original indictment alleged that Petitioner had used two different firearms, one being a fully automatic machine gun. At trial, the judge submitted to the jury a revised indictment dividing the allegation in Count Five. The allegation regarding the machine gun became a separate Count Six. The judge instructed the jury on the definition of what constituted a machine gun and instructed the jury to consider Count Six separately. The jury found petitioner guilty of this sixth count. *Jones v. United States,* 214 F. Supp. 2d at 782.

Petitioner cannot challenge the district court's allegedly constructive amendment of the indictment in a 28 U.S.C. § 2241 petition, because his claim involves an alleged error that occurred at trial and petitioner has failed to show that his remedy for bringing this challenge under § 2255 was inadequate or ineffective. Petitioner's claim that the district court lacked jurisdiction over his case also does not come within the "actual innocence" exception to § 2241. *See Smith v. Snyder,* 48 Fed. Appx. 109, 111 (6th Cir. 2002). Absent

5

any allegation that his remedy under § 2255 is inadequate or ineffective, Petitioner is not entitled to habeas relief from his criminal conviction and sentence pursuant to 28 U.S.C. § 2241. Moreover, this Court cannot construe this petition as a motion to vacate sentence brought pursuant to 28 U.S.C. § 2255. *In re Shelton*, 295 F.3d 620, 622 (6th Cir. 2002).

### III. Order

**IT IS ORDERED** that the Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2241 is **SUMMARILY DENIED.**[1]

                                           s/PATRICK J. DUGGAN
                                           UNITED STATES DISTRICT JUDGE

Dated: March 28, 2011

Copies to:

Phillip Jones, #18419-039
FCI Milan
Federal Correctional Institution
P.O. Box 1000
Milan, MI 48160

---

[1] Because a certificate of appealability is not required to appeal the denial of a habeas petition filed under § 2241, *Witham v. United States,* 355 F. 3d 501, 504 (6th Cir. 2004), Petitioner need not apply for one with this Court or with the Sixth Circuit before filing an appeal from the denial of his habeas petition.