UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHILLIP JONES,

       Petitioner,

                                    Case No. 11-10428

v.

                                    Honorable Patrick J. Duggan

J. S. WALTON,

       Respondent.

_____/

**OPINION AND ORDER**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on_May 24, 2011.

PRESENT:     THE HONORABLE PATRICK J. DUGGAN
                    U.S. DISTRICT COURT JUDGE

On February 3, 2011, Phillip Jones ("Petitioner"), a federal prisoner confined at the

Federal Correctional Institution in Milan, Michigan, filed a *pro se* petition for writ of

habeas corpus pursuant to 28 U.S.C. § 2241.  Petitioner challenges his convictions for

conspiracy to possess with intent to distribute cocaine base, 21 U.S.C. §§ 841(a)(1) and

846; distribution of cocaine base, 21 U.S.C. § 841(a)(1); attempt to possess cocaine with

intent to distribute and aiding and abetting, 21 U.S.C. §§ 841(a)(1), 846, and 18 U.S.C. §

2; and use of a firearm during a drug trafficking crime and aiding and abetting, 18 U.S.C.

§§ 2 and 924(c).

Petitioner has previously filed a number of motions challenging his conviction, all of

which have been denied.  Noting Petitioner's history of filing non-meritorious pleadings and motions, the Sixth Circuit Court of Appeals issued an order on October 22, 2002 prohibiting Petitioner from filing "ANY" document with the Sixth Circuit or the district court challenging his conviction unless it establishes: (1) a claim that relies on a new rule of constitutional law made retroactive by the Supreme Court on collateral review; or (2) a factual predicate that could not have been previously discovered through due diligence which would establish by clear and convincing evidence that no fact finder would have found Petitioner guilty.  *In re Jones*, No. 02-1462 (6th Cir. Oct. 22, 2002).

This Court summarily denied the petition in an Opinion and Order dated March 28, 2011.  Petitioner has filed a motion to alter the judgment pursuant to Federal Rule of Civil Procedure 59(e).  Petitioner has also filed a motion to amend the petition to incorporate the arguments developed in his motion to alter the judgment.  The Court dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f), and for the reasons stated below, denies both motions.

### I. Petitioner's Motion to Alter Judgment

A motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e) may be granted only if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice.  *GenCorp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).

Petitioner argues that the district court improperly amended his indictment and that his trial counsel was ineffective for failure to object to this amendment.  Count Five of the original indictment alleged that Petitioner had used two different firearms, one being a

fully automatic machine gun.  At trial, the judge submitted to the jury a revised indictment dividing the allegation in Count Five.  The allegation concerning the machine gun became a separate Count Six.  The judge instructed the jury on the definition of what constituted a machine gun and instructed the jury to consider Count Six separately.

Petitioner asserts that this amendment violated his right to a grand jury indictment, but the Sixth Circuit's order bars this claim.  Petitioner's claim does not rely on a new rule of constitutional law made retroactive by the Supreme Court.  Nor does his claim establish a fact that would preclude a finding of guilt.  Even if Petitioner's claim were not barred, the Court concludes that it must be rejected for lack of merit.  Although a defendant may not be charged with an offense that was not presented to a grand jury, his indictment may be amended without resubmission to the grand jury if the changes are matters of form. *Russell v. United States*, 369 U.S. 749, 770, 82 S. Ct. 1038, 1050 (1962).  The grand jury returned an indictment charging Petitioner with the use and carrying of two different firearms during and in relation to a drug trafficking crime.  The amended indictment charged Petitioner with the use and carrying of these same two firearms during and in relation to a drug trafficking crime; it merely separated Count Five so that the jury could return a distinct verdict with respect to each weapon.  As the amendment concerned a matter of form, it did not violate Petitioner's right to a grand jury indictment.  Petitioner asserts that his counsel was ineffective for failure to object to the amendment, but the Court cannot conclude that counsel was required to make a meritless objection.

Petitioner asserts that the machine gun referred to in his indictment was originally manufactured as a semi-automatic weapon, and was later modified to allow operation as a

fully automatic weapon. Petitioner argues that his conviction must be set aside because the government was required to introduce evidence showing that he was aware of the weapon's fully automatic capability. *See Staples v. United States*, 511 U.S. 600, 619, 114 S. Ct. 1793, 1804 (1994). The Sixth Circuit's order bars this claim. Petitioner's argument does not rely on a new rule of constitutional law made retroactive by the Supreme Court. His claim does not establish facts that could not have been previously discovered through due diligence. The Court concludes that Petitioner's claim must be rejected because it is improperly raised.

Petitioner's next claim is that an intervening change in controlling law has rendered him actually innocent of the use and carrying of firearms during and in relation to a drug trafficking crime. Petitioner claims that in *Watson v. United States*, 552 U.S. 74, 128 S. Ct. 579 (2007), the United States Supreme Court held that trading guns for drugs does not constitute the "use" of a weapon under 18 U.S.C. § 924(c). Petitioner was charged with trading guns for drugs, and argues that *Watson* establishes his innocence.

*Watson* does not apply to Petitioner's conduct. In *Watson*, the Supreme Court held that a person who *receives* a gun in exchange for drugs does not "use" the gun during and in relation to a drug trafficking crime for purposes of § 924(c). 552 U.S. at 76, 128 S. Ct. at 581. The Court noted that it had previously addressed the converse scenario, where a defendant receives drugs in exchange for guns, in *Smith v. United States*, 508 U.S. 223, 113 S. Ct. 2050 (1993). *Smith* held that "a criminal who trades his firearm for drugs 'uses' it during and in relation to a drug trafficking offense within the meaning of § 924(c)(1)." 508 U.S. at 241, 113 S. Ct. at 2060. The *Watson* court did not disturb this holding, stating

4

that "*Smith* must be respected."  *Watson*, 552 U.S. at 82, 128 S. Ct. at 585.  Petitioner's

trade of guns for drugs is therefore governed by *Smith*, which held that such a trade

violates § 924(c)(1).  The Court concludes that *Watson* does not invalidate Petitioner's

conviction.  As Petitioner has failed to demonstrate either a clear error of law or an

intervening change in controlling law, his motion to alter judgment must be denied.

## II. Petitioner's Motion to Amend

Petitioner has moved to amend his petition to incorporate the arguments developed in

his motion to alter judgment.  Pursuant to Federal Rule of Civil Procedure 15(a)(2), a party

may amend its pleading with the opposing party's written consent or the court's leave, and

"[t]he court should freely give leave when justice so requires."  Courts have discretion in

granting leave to amend.  *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962).

Absent any apparent or declared reason, such as undue delay, bad faith, repeated failure to

cure deficiencies, undue prejudice to the opposing party, and futility of amendment, leave

to amend should be freely given.  *Id.*  The Court has carefully considered Petitioner's

arguments, and has concluded that they lack merit or cannot be raised pursuant to the Sixth

Circuit's order.  As the proposed amendment would be futile, the Court denies Petitioner's

motion to amend.

## III. Conclusion

For the reasons stated above,

**IT IS ORDERED** that Petitioner's Motion to Alter the Judgment is **DENIED**;

**IT IS FURTHER ORDERED** that Petitioner's Motion to Amend the § 2241

Petition is **DENIED**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:

Phillip Jones, #18419-039
FCI Milan
Federal Correctional Institution
P.O. Box 1000
Milan, MI 48160